## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANTWHON SUITER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 5:22-cv-00031 ) ) |
| COUNTY OF AUGUSTA, AUGUSTA COUNTY SHERIFF'S DEPARTMENT, DONALD SMITH, in his official capacity DYLAN JOHNSON, in his individual capacity and, and in his official capacity as Deputy of the Augusta County Sheriff's Department. | ) ) ) ) ) ) ) CLERK'S OFFICE U.S. DIST. COURT AT HARRISONBURG, VA FILED MAY 31 2022 JULIA C. DUDLEY, CLERK BY: /s/ DEPUTY CLERK |
| Defendants. | ) ) |
| **SERVE** | ) ) |
| **Donald Smith, official capacity** Augusta County Sheriff's Department 127 Lee Highway Verona, Virginia 24482 | ) ) ) ) ) COMPLAINT |
| **Dylan Johnson, individual and official capacity** Deputy Sheriff/K-9 Handler Augusta County Sheriff's Department 127 Lee Highway Verona, Virginia 24482 | ) ) ) ) ) ) |

### PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff, Antwhon Suiter, a *Pro Se* litigant, in his COMPLAINT against Defendants for violations of his FIRST, FOURTH, and FOURTEENTH Constitutional Amendment under the United States Constitution, attest as follows:

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

### NATURE OF ACTION

1. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1981, 1983, and 1988, as well as the Constitution and Laws of the Commonwealth of Virginia.

### PARTIES

2. Antwhon Suiter (hereinafter "Mr. Suiter" or "Plaintiff") is a citizen of the Commonwealth of Virginia and resident of Staunton, Virginia.

3. Deputy Dylan Johnson (hereinafter "Johnson" or "Defendant") is a citizen of the Commonwealth of Virginia and a resident of Staunton, Virginia.

4. Donald Smith (hereinafter "Smith" or "Defendant") is a citizen of the Commonwealth of Virginia and a resident of Augusta County.

5. Augusta County Sheriff's Office is a police station / law enforcement agency with its registered office located at: 127 Lee Highway, Verona, Virginia 24482, in Augusta County.

6. Augusta County Sheriff's Office operates and enforces laws within the County of Augusta.

7. Augusta County Sheriff's Office is a Law Enforcement Agency.

8. Donald Smith is the elected Sheriff in charge of the Augusta County Sheriff's Office. In addition, at all times relevant to this COMPLAINT, Donald Smith was and is responsible for enforcing the rules of the Augusta County Sheriff's Office, and for ensuring that the Augusta County Sheriff's Deputies obey and enforce the laws of the United States and the laws of the Commonwealth of Virginia.

9. Dylan Johnson is a Deputy Sheriff who works for the Augusta County Sheriff's Department as a K-9 Handler.

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

10. Donald Smith employed Dylan Johnson as a Deputy Sheriff to uphold and enforce the United States Constitution, the local laws and the laws of the Commonwealth of Virginia.

11. On March 22, 2022, Dylan Johnson, acting in his official capacity as Deputy Sheriff, pulled Mr. Suiter over while he was traveling in Augusta County.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. § 1983.

13. The traffic stop took place within this Judicial District, Augusta County.

### JURISDICTION

14. This Court has personal jurisdiction over all of the Defendants, as they all either reside in the Commonwealth of Virginia or are entities organized under Virginia laws with principal places of business in the Commonwealth of Virginia.

15. The Augusta County Sheriff's Department regularly conducts business within this judicial district.

16. This event and the violations giving rise to this action took place within this judicial district.

### VENUE

17. Venue is proper in this district under Va. Code § 8.01-262 as the Defendants reside and conduct business in this judicial district.

### PRELIMINARY STATEMENT

18. This is a Civil Rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983 and 1988 due to the violations of his Civil Rights and his Constitutionally Protected rights under the FIRST, FOURTH and FOURTEENTH Amendments, in addition to the Laws of the Commonwealth of Virginia.

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

19. These claims arise from a March 22, 2022 incident in which defendants, acting under color of law, unlawfully, illegally and unconstitutionally pulled over, detained, and searched Mr. Suiter without a valid warrant or probable cause to do so.

20. The above referenced acts caused Mr. Suiter to be deprived of his liberty and to sustain various injuries, including but not limited to emotional and mental distress.

21. Mr. Suiter seeks monetary damages: 1) compensatory and 2) punitive, against Defendants, as well as an award of attorney fees (if applicable), court costs, other costs and fees that Plaintiff may incur, and such other and further relief as this Court deems just and proper.

## FACTS

23. On March 22, 2022, Defendant Johnson pulled over Plaintiff, Antwhon Suiter, while he was traveling on Ivey Ln at the intersection of Fairmont Dr and Ivey Ln at approximately 8:59 p.m.

24. Plaintiff, Antwhon Suiter, was unlawfully, illegally and unconstitutionally detained, unlawfully, illegally and unconstitutionally interrogated, and unlawfully, illegally and unconstitutionally searched by Defendant Johnson.

25. Prior to being unlawfully, illegally and unconstitutionally pulled over by Defendant Johnson, Mr. Suiter was exercising his FIRST (1ST) Amendment right by auditing and filming police activity throughout Staunton and Augusta County.

26. Plaintiff, Antwhon Suiter is the President of Black Lives Matter, Shenandoah Valley.

27. Plaintiff, Antwhon Suiter, was driving through the neighborhood of Fairmont, obeying **all** the traffic laws.

28. Mr. Suiter approached and stopped at a stop sign at the intersection of Fairmont Drive and Ivey Lane.

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

29. Mr. Suiter noticed a vehicle aggressively driving up behind him while he was still at the stop sign with his signal light on.

30. Mr. Suiter proceeded through the intersection making a right turn down Ivy Lane.

31. Mr. Suiter noticed that the vehicle with the aggressive driver followed him when he turned down Ivy Lane.

32. Mr. Suiter was afraid for his life, therefore, in an attempt to get to safety – to get to a well-lit area, out of the way of the aggressive driver, Mr. Suiter turned on his signal light and turned to the right into a driveway in order to let the aggressive driver pass.

33. The aggressive driver's vehicle followed Mr. Suiter and pulled aggressively into the driveway behind Mr. Suiter, blocking him in the driveway so that he couldnot get out, while activating his emergency lights.

34. Augusta County Sheriff's Deputy, Dylan Johnson, exited the vehicle and approached Mr. Suiter's vehicle.

35. Defendant, Johnson, asked Plaintiff, Mr. Suiter, "what are you doing?"

36. Mr. Suiter responded to Defendant Johnson, "I'm just driving."

37. Defendant Johnson then told Mr. Suiter that he was being suspicious.

38. Then, Defendant Johnson proceeded to continue to unlawfully, illegally and unconstitutionally detain Mr. Suiter.

39. Then Defendant Johnson proceeded to unlawfully, illegally and unconstitutionally search Mr. Suiter.

40. Then Defendant Johnson Ordered Mr. Suiter to give Defendant Johnson his identification.

41. Mr. Suiter advised Defendant Johnson that what he was doing was illegal and that he was violating Mr. Suiter's Constitutional rights.

42. Defendant Johnson asked Mr. Suiter if he was an attorney, simply because Mr. Suiter was exercising his Constitutional rights.

43. Mr. Suiter produced his identification and handed it to Defendant Johnson since he was not free to leave.

44. Defendant Johnson continued to question Mr. Suiter.

45. Mr. Suiter continued to explain to Defendant Johnson that Defendant Johnson was violating his rights.

46. Mr. Suiter asked Defendant Johnson for this badge number and Defendant Johnson refused to give Mr. Suiter his badge number.

47. During this event, Plaintiff, Antwhon Suiter:

    a    did not commit a crime;

    b    did not violate any traffic laws;

    c    did not violate any county ordinances; and

    d    no call to emergency services was made.

48. Additionally, the Defendant, Dylan Johnson, had no reasonable articulable suspicion that Mr. Suiter was committing a crime.

### COUNT ONE
### First Amendment - Press, 42 U.S.C. § 1983
### Against Dylan Johnson and the Augusta County Sheriff's Office

46. Plaintiff restates and realleges all previous paragraphs of this Complaint.

47. Defendant Johnson infringed upon Mr. Suiter's privilege and right to film the police and Defendant Johnson's infringement is arbitrary, capricious and retaliatory.

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

48. Defendant Johnson violated Mr. Suiter's First Amendment when Defendant Johnson chose to unlawfully, illegally and unconstitutionally stop Mr. Suiter after Defendant Johnson realized he was being filmed in his official capacity as an Augusta County Sheriff's Deputy.

49. Defendant Johnson stopped Mr. Suiter, under color of law, in an effort to halt, hinder, intimidate and/or retaliate against Mr. Suiter for exercising his First Amendment right and other Constitutionally protected rights.

50. Given the foregoing, Plaintiff is entitled to declaratory and injunctive relief establishing that the acts of Defendant Johnson were unconstitutional and that the Sheriff's Department, under Defendant, Donald Smith, MUST complete training to prohibit further Constitutional rights violations.

### COUNT TWO:
**Fourth Amendment-Unlawful Seizure and Excessive Force, 42 U.S.C. § 1983 Against Dylan Johnson and Augusta County Sheriff's Office**

51. Plaintiff restates and realleges all previous paragraphs of this complaint.

52. Mr. Suiter was confiscated by Defendant, Augusta County Sheriff's Office when Defendant, Dylan Johnson, through the use of force and threat of arrest unlawfully, illegally and unconstitutionally terminated Mr. Suiter's freedom of movement.

53. The Plaintiff's FOURTH Amendment rights were violated when the Defendants unlawfully, illegally and unconstitutionally detained, searched, and ID'd Mr. Suiter.

54. Defendants were acting under color of law when they violated Plaintiff's FOURTH Amendment rights.

55. Defendants' use of force and unlawful, illegal and unconstitutional seizure of Mr. Suiter's person was excessive and unreasonable, Mr. Suiter:

56.

       a      did not commit a crime;

b      did not violate any traffic laws;

c      did not violate any county ordinances; and

d      no call to emergency services was made.

57. Additionally, the Defendant, Dylan Johnson, had no reasonable articulable suspicion that Mr. Suiter was committing a crime.

58. Given the foregoing, Plaintiff is entitled to declaratory and injunctive relief establishing that the acts of Defendant Johnson were unconstitutional and that the Sheriff's Department, under Defendant, Donald Smith, MUST complete training to prohibit further Constitutional rights violations.

## COUNT THREE:
### Fourteenth Amendment-Deprivation of Rights, Title 18, U.S.C. § 242 and 42 U.S.C. § 1983 Against Dylan Johnson and Augusta County Sheriff's Office

58. Plaintiff restates and realleges all previous paragraphs of this complaint.

59. The Defendants willfully and knowingly deprived Mr. Suiter of his rights, privileges, and immunities secured and protected by the Constitution and the Laws of these United States.

60. Defendants knew, or should have known, that they had no legally justifiable reason to initiate a traffic stop against the Plaintiff.

61. Defendants retaliated against Plaintiff for exercising his FIRST Amendment rights.

62. Defendants knowingly violated Mr. Suiters FOURTH and FOURTEENTH Amendment rights.

63. Given the foregoing, Plaintiff is entitled to declaratory and injunctive relief establishing that the acts of Defendant Johnson were unconstitutional and that the Sheriff's Department, under

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

Defendant, Donald Smith, MUST complete training to prohibit further Constitutional rights violations.

### COUNT FOUR:
**Intentional Infliction of Emotional Distress in Violation of Virginia Common Law Against Dylan Johnson and Augusta County Sheriff's Office**

64. Plaintiff restates and realleges all previous paragraphs of this Complaint.

65. Defendant Johnson specifically intended to act upon the Plaintiff as described herein.

66. Additionally, Defendant Johnson either acted with the specific intent to inflict emotional distress upon Plaintiff or Defendant Johnson knew or should have known that his actions would likely result in emotional distress to Plaintiff.

67. Defendants' acts were unconstitutional and intolerable in that they offend generally accepted standards of decency and morality.

68. Defendants used their position as Law Enforcement to inflict emotional distress upon Plaintiff.

69. Defendant Johnson used the tools of his job to inflict emotional distress upon Plaintiff.

70. Because of Defendant Johnson's actions, Plaintiff suffered emotional distress, mental anguish, anxiety and exhibited symptoms of Post-Traumatic Stress Disorder (PTSD).

### PRAYER FOR RELIEF

**WHEREFORE** the Plaintiff **PRAYS** that this court enter judgment in his favor against Defendants Jointly and Severally on all Counts and Further:

*1.    On Count One, Plaintiff request that:*

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

a      this Court enter a declaratory judgment stating that the facts enumerated above were in violation of Plaintiff's Constitutional rights;

b      this Court grant mandatory injunctive relief requiring the County of Augusta Sheriff's Department to complete constitutional rights training and prohibitory injunctive relief to prohibit all Defendants from further constitutional rights violations; and

c      this Court enter Judgment against Defendants in the amounts of: One Million Dollars and 00/100 Dollars ($1,000,000.00) in compensatory damages and Five Hundred and 00/100 Dollars ($500,000.00) in punitive damages; and that the Plaintiff be awarded any other further and general relief to which it may appear he is entitled.

2. ***On Count Two, Plaintiff request that:***

a      this Court enter a declaratory judgment stating that the facts enumerated above were in violation of Plaintiff's Constitutional rights;

b      this Court grant mandatory injunctive relief requiring the County of Augusta Sheriff's Department to complete constitutional rights training and prohibitory injunctive relief to prohibit all Defendants from further constitutional rights violations; and

c      this Court enter Judgment against Defendants in the amounts of: One Million Dollars and 00/100 Dollars ($1,000,000.00) in compensatory damages and Five Hundred and 00/100 Dollars ($500,000.00) in punitive damages; and that the Plaintiff be awarded any other further and general relief to which it may appear he is entitled.

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

3.  ***On Count Three, Plaintiff request that:***

a    this Court enter a declaratory judgment stating that the facts enumerated above were in violation of Plaintiff's Constitutional rights;

b    this Court grant mandatory injunctive relief requiring the County of Augusta Sheriff's Department to complete constitutional rights training and prohibitory injunctive relief to prohibit all Defendants from further constitutional rights violations; and

c    this Court enter Judgment against Defendants in the amounts of: One Million Dollars and 00/100 Dollars ($1,000,000.00) in compensatory damages and Five Hundred and 00/100 Dollars ($500,000.00) in punitive damages; and that the Plaintiff be awarded any other further and general relief to which it may appear he is entitled.

4.  ***On Count Four, Plaintiff request that:***

a    this Court enter a declaratory judgment stating that the facts enumerated above were in violation of Plaintiff's Constitutional rights;

b    this Court grant mandatory injunctive relief requiring the County of Augusta Sheriff's Department to complete constitutional rights training and prohibitory injunctive relief to prohibit all Defendants from further constitutional rights violation;

c    this Court enter Judgment against Defendants in the amounts of: One Million Dollars and 00/100 Dollars ($1,000,000.00) in compensatory damages and Five Hundred and 00/100 Dollars ($500,000.00) in punitive damages; and that the

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

Plaintiff be awarded any other further and general relief to which it may appear he is entitled.

**A JURY TRIAL IS DEMANDED**

*Respectfully Submitted:*

By /s/ Antwhon S. Suiter
Antwhon Suiter, Constitutional Activist
207 Gray Avenue,
Staunton, VA 24401 (470) 786-6830
blmsvva@gmail.com