UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

| | |
|---|---|
| **ANTWHON SUITER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 5:22-cv-31 |
| ) | |
| ) | CLERK'S OFFICE U.S. DIST. COURT |
| **COUNTY OF AUGUSTA, et al,** ) | AT HARRISONBURG, VA |
| ) | FILED |
| Defendants ) | JUL 28 2022 |

JULIA G. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Antwhon Suiter, a *Pro Se* litigant, hereby files this Memorandum of Law in Opposition to Defendant's motion to Dismiss, pursuant to rule 15 (a)(2). Plaintiff requests that the court move to deny the defendant's motion to dismiss this complaint with prejudice.

### INTRODUCTION

Defendants have filed a motion to dismiss under rule 12(B) 6 because counsel alleges that the Plaintiff has failed to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

The U.S. Supreme Court has stated: "The issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"In reviewing the allegations, this Court construes the complaint in a light most favorable to the plaintiff, accepting all of the factual allegations as true and determines whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

Untimely motions to dismiss are sometimes treated as a motion for judgment on the pleadings. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); Elvig, 375 F.3d at 954. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011) (quoting Dunlap v. Credit Prot. Ass'n, L.P., 419 F.3d 1011, 1012 n.1 (9th Cir. 2005); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). If the Court elects to convert Defendants' untimely motion to dismiss into a judgment on the pleadings, the motion should be denied on the merits.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556).

**II.** **Plaintiff Concedes to the Dismissal of Augusta County as a Defendant.**

**III.** **Plaintiff Concedes to the Dismissal of Augusta County Sheriff's Office as a Defendant and Plaintiff Objects to the Dismissal of Sheriff Donald Smith as Defendant.**

**IV.** **Plaintiff restates line III.**

**V.** **Plaintiff Objects to the Dismissal of Sheriff Donald Smith as a Defendant.**

Donalds Smith's job is to manage and monitor the conduct of his deputies. Donald Smith has the authority to hire, fire, and discipline his deputies. I'm not adding the sheriff to the complaint only because of Johnson's actions but also because Donald Smith is responsible for Johnson's official duties and actions. Donald Smith knew or should have known of Dylan Johnson's actions, and when he did find out he should've handled it. It's well known that a sheriff is responsible for the official acts of a deputy.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**VI.** **Plaintiffs request that Defendants and counsel look at the Amended Complaint.**

**VII.** **Plaintiff Concedes and notes Defendants' argument that the Fourteenth Amendment claim in count Three does arise from the same nexus of events.**

**VIII.** **Plaintiff Concedes to Defendant's statement here in part.**

Plaintiff's intention was to inform defendants that Title 18, USC Section 242 makes it a crime to knowingly deprive one of his rights, the intention was not to bring forward as a count. However, 42 U.S.C. Section 1983 is in fact for Civil Action for Deprivation of Rights, as opposing counsel should know and Plaintiff requests that this court amends the Count to 42 U.S.C. Section 1983.

**IX.** **Plaintiff concedes to Defendant's statement in part.**

Plaintiff requests to amend from Intentional Infliction of Emotional Distress (IIED) to Infliction of Emotional Distress (IED).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Harrisonburg Division

**X.** **Sovereign/Qualified Immunity and Unlawful Search/Seizure.**

Sheriffs and Deputies are not always entitled to qualified and sovereign immunity. It's a case by case basis. Note, there was no imminent danger, Dylan Johnson's acts of retaliation and harassment are grounds for gross negligence. Sovereign immunity is not a blanket standard that automatically fits because a sheriff or deputy is involved. Deputy Dylan Johnson had no logical, lawful reason to initiate a traffic stop with Plaintiff Antwhon Suiter. Deputy Johnson had No Probable Cause, no articulable suspicion of a crime, no call to emergency services about a white mazda violating any traffic or state laws. Not even a county ordinance was broken.

Deputy Johnson only noticed that he was being filmed/monitored and reacted by being so hyper-vigilant that he used and abused his powers of authority when he Stopped, Seized, and Searched the Plaintiffs person.

On March 23, Judge Ellis ruled the three deputies "violated [Souter's] constitutional rights" and Virginia law when they: 1) "unlawfully arrested" Souter without probable cause or a valid arrest warrant, and 2) used force to carry out the arrest. Ellis stated that Jacobs, Irby and McCauley were also not protected by qualified immunity (a legal precedent protecting government officials – including police officers – accused of violating constitutional rights) because the officers "should have known [Souter's] arrest was unlawful" and any "reasonably competent government official should know the law governing his conduct." Souter v. Irby, Civil Action 1:20-cv-1295 (E.D. Va. Mar. 23, 2022)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Harrisonburg Division

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court held that a ruling on a qualified immunity defense must be made early in the trial court's proceeding, because qualified immunity is a defense to stand trial, not merely a defense from liability.

The Fourth Amendment to the U.S. Constitution, and equivalent provisions in the Constitutions of each of the individual states, prohibits "unreasonable" searches and seizures, and contains a warrant requirement for many searches into private homes and businesses. The Fourth Amendment provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Searches and seizures that run afoul of these requirements may result in suppression of evidence under the exclusionary rule, and may also result, in some cases, in civil liability for officers, supervisory personnel, and municipalities under a federal civil rights statute, 42 U.S.C. Sec. 1983 or, in some instances, under applicable state law. There are many exceptions to the warrant requirement, of course, including consent search, hot pursuit, exigent circumstances, etc. But in instances where a warrant is required, and is obtained, the existence of the warrant may be a necessary, but not always sufficient, barrier to a finding that a search was unreasonable and the imposition of civil liability.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The ultimate goal of this provision is to protect people's right to privacy and freedom from unreasonable intrusions by the government. However, the Fourth Amendment does not guarantee protection from all searches and seizures, but only those done by the government and deemed unreasonable under the law.

A seizure of a person, within the meaning of the Fourth Amendment, occurs when the police's conduct would communicate to a reasonable person, taking into account the circumstances surrounding the encounter, that the person is not free to ignore the police presence and leave at his will. Two elements must be present to constitute a seizure of a person.

1. There must be a show of authority by the police officer. Presence of handcuffs or weapons, the use of forceful language, and physical contact are each strong indicators of authority.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

2. The person being seized must submit to the authority. An individual who ignores the officer's request and walks away has not been seized for Fourth Amendment purposes.

*Note*, VA Code. § 19.2-59. Search without warrant prohibited;

No officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer. Any officer or other person searching any place, thing or person otherwise than by virtue of and under a search warrant, shall be guilty of malfeasance in office. Any officer or person violating the provisions of this section shall be liable to any person aggrieved thereby in both compensatory and punitive damages. Any officer found guilty of a second offense under this section shall, upon conviction thereof, immediately forfeit his office, and such finding shall be deemed to create a vacancy in such office to be filled according to law.

Again, The Plaintiff Antwhon Suiter was not free to leave and was detained, seized, and searched by Deputy Dylan Johnson.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Harrisonburg Division

### CONCLUSION

Plaintiff concedes to the dismissal of Augusta County (AC) and Augusta County Sheriff's Department (ACSD or ACSO) as Defendants in this case but objects to the dismissal of Deputy Dylan Johnson and Sheriff Donald Smith. Given the foregoing, Plaintiff is entitled to declaratory and injunctive relief establishing that the acts of Defendant Johnson were unconstitutional.

By: /s/ Antwhon S. Suiter
Antwhon Suiter, Constitutional Activist
207 Gray Avenue,
Staunton, VA 24401 (470) 786-6830
plmsvjaa@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2022, I have filed this document with the Clerk of Court,

I hereby certify that I have Mailed by United States Postal Service the documents to Opposing Counsel:

>Rosalie P. Fessier
>VSB # 39030
>Brittany E. Shipley
>VSB # 93767
>Attorneys for Defendants Augusta County, Smith, Johnson, and ACSD
>Timberlake**Smith**
>25 North Central Avenue
>P.O. Box 108
>Staunton, VA 24402-0108

Respectfully Submitted,

By: /s/ Antwhon S. Suiter
Antwhon Suiter, Constitutional Activist
207 Gray Avenue,
Staunton, VA 24401 (470) 786-6830
blmsvva@gmail.com