UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ANTWHON SUITER, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.:  5:22-cv-31 |
| ) | |
| DYLAN JOHNSON, ) | |
| ) | |
| *Defendant* ) | |

### DEFENDANT JOHNSON'S RESPONSE TO PLAINTIFF'S PREMATURE AND UNSUPPORTED MOTION FOR SUMMARY JUDGMENT

Defendant   Dylan Johnson, by counsel, file this response to Plaintiff's premature and unsupported motion for summary judgment as follows:

Plaintiff moves for summary judgment based upon unsupported allegations in his Complaint and upon his Supplemental Evidence in Support of Complaint (ECF 25), which includes unverified allegations contradicting Defendant's contentions in his Answer, and what appear to be various still shots from a camera which little to no relevant or dispositive information. While Plaintiff claims to have filed certain dash camera footage, no such video footage was provided to Defendant or filed with the Court.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to establish a factual contention, the movant must point to evidence in the record to support his factual contentions. Rule 56(c)(1). Evidence can include depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. *Id*. The relevant inquiry on

summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In determining whether there is a genuine dispute as to a material fact, the court must view the evidence through the prism of the substantive evidentiary burden. *Id.*, 477 U.S. at 252-53. And if the movant bears the burden of persuasion at trial, then the movant must present evidence that will require the jury to find in its favor under the standard that will apply at trial. *Id*. If the movant bears the burden of persuasion at trial, he is only entitled to summary judgment if the proffered evidence is such that a rational factfinder could only find for the movant. *Incumaa v. Stirling*, 791 F.3d 517, 524 (4th Cir. 2015). Additionally, the movant does not meet his initial burden by pointing to the nonmovant's lack of evidence on a contested issue. When the movant bears the burden of persuasion at trial, the movant must produce evidence that would conclusively support its right to a judgment after trial should the nonmovant fail to rebut the evidence. *Rich v. Fla. Dep't of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013). In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment. 11 Moore's Federal Practice - Civil § 56.40.

Here, Plaintiff files his motion for summary judgment based entirely upon his unverified allegations of facts, many of which Plaintiff could have no personal knowledge of, such as Defendant Johnson's thoughts, intentions, observations, and reasons for his actions. Plaintiff, who bears the burden of persuasion at trial, failed to provide this Court with *any* evidence supporting his motion for summary judgment; thus, his motion should be denied.

Moreover, Plaintiff's motion for summary judgment is premature and should be denied pending resolution of Defendant's motion to dismiss, and if any part of the amended complaint

TimberlakeSmith
Staunton, VA
540.885.1517

survives, pending completion of discovery. *See Liberty Lobby, Inc.*, 477 U.S. at 250 n.5 (requirement that party opposing summary judgment set forth specific facts showing there is genuine issue for trial "is qualified by [the] provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"). Defendant Johnson is certainly entitled to conduct discovery pertaining to any remaining claims before responding to a motion for summary judgment.

For these reasons, Plaintiff's motion for summary judgment should be denied, and Defendant provided such additional relief as this Court deems appropriate.

DYLAN JOHNSON

By Counsel

By:  /s/ Rosalie Pemberton Fessier
 Rosalie Pemberton Fessier
 VSB # 39030
 Brittany E. Shipley
 VSB # 93767
 Attorneys for Defendant Johnson
 Timberlake**Smith**
 25 North Central Avenue
 P. O. Box 108
 Staunton, VA 24402-0108
 phone:  540/885-1517
 fax:     540/885-4537
 email:  rfessier@timberlakesmith.com
   bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I have electronically filed this document with the Clerk of the Court using the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Antwhon Suiter
>207 Gray Avenue
>Staunton, VA  24401
>>*Pro se plaintiff*

>>/s/ Rosalie Pemberton Fessier
>Rosalie Pemberton Fessier
>VSB # 39030
>Brittany E. Shipley
>VSB # 93767
>Attorneys for Defendant Johnson
>Timberlake**Smith**
>25 North Central Avenue
>P. O. Box 108
>Staunton, VA 24402-0108
>phone:  540/885-1517
>fax:     540/885-4537
>email:  rfessier@timberlakesmith.com
>            bshipley@timberlakesmith.com

Timberlake**Smith**
Staunton, VA
540.885.1517

4

w:\lib\tsdocs\29403\0102\00418019.docx